**HENNINGSEN PRODUCE CO. v. COMMIS-
SIONER OF INTERNAL REVENUE.**

Court of Appeals of District of Columbia.  Argued November 13, 1929.  Decided January 6, 1930.

No. 4886.

Harry Friedman, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, S. S. Faulkner, Sewall Key, and John H. McEvers, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.  Appeal from a decision of the Board of Tax Appeals. The stipulated facts are substantially as follows:  On November 23, 1918, appellant, a Nebraska corporation, sold to a commission company of Omaha, Neb., a quantity of frozen, mixed eggs, guaranteeing them to be "good merchantable stock."  The sale price of the eggs, $5,460.45, was included in appellant's gross sales for 1918, and also as gross income in its income tax return for that year.  The commission company shipped the eggs to Chicago, where, in 1919, they were seized and finally held not to comply with the federal pure food laws.  On April 30, 1919, appellant credited to the commission company the entire sales price of the eggs, and discharged the commission company's indebtedness to it.

Appellant claimed the loss in its income tax return for 1918.  The Commissioner disallowed it, but did allow it for 1919.  The Board of Tax Appeals affirmed the Commissioner.

The tax in this case was computed under the provisions of the Revenue Act of 1918 (40 Stat. 1057).  Section 234(a) of that act provides "that in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * * (4) Losses sustained during the taxable year and not compensated for by insurance or otherwise; * * *"

Section 234(a) (14) (a), 40 Stat. 1079, reads, in part, as follows: "At the time of filing return for the taxable year 1918 a taxpayer may file a claim in abatement based on the fact that he has sustained a substantial loss (whether or not actually realized by sale or other disposition) resulting from any material reduction (not due to temporary fluctuation) of the value of the inventory for such taxable year, or from the actual payment after the close of such taxable year of rebates in pursuance of contracts entered into during such year upon sales made during such year. * * * If it is shown to the satisfaction of the Commissioner that such substantial loss has been sustained, then in computing the taxes imposed by this title and by Title III the amount of such loss shall be deducted from the net income. * * *"

The Commissioner deducted appellant's loss under section 234(a) (4) in the 1919 return. Appellant contends that it should have been deducted from the 1918 return as a refund under section 234(a) (14) (a).

It is apparent from an examination of the provisions of section 234(a) (14) (a) that its purpose was to protect taxpayers from abnormal conditions resulting from the World War and its termination. It was recognized that the market value of the inventories of many taxpayers would be likely to be lower because of the termination of the war. When, therefore, income was determined for 1918 by the use of such inventories, it was manifest to Congress that such income would not be realized if thereafter goods were sold at prices lower than those prevailing in 1918; hence the provision that the taxpayer might file a claim in abatement based on the fact that he had sustained a substantial loss "resulting from any material reduction * * * of the value of the inventory for such taxable year." When the taxpayer had made a sale in 1918 of goods inventoried in that year, under an agreement requiring the taxpayer to allow a rebate to the purchaser in the event of material reduction in the value of the goods sold, the taxpayer was authorized, under the alternative provision of the section, to a deduction as of 1918.

In other words, as found by the Commissioner and the Board of Tax Appeals, this provision for rebate must be read in connection with the context; and, when so read, it is apparent that it was meant to cover losses similar in character to those allowed on account of depreciated inventories. In our view, appellant's loss was not a rebate to the purchaser in pursuance of a contract entered into during the year 1918 upon a sale made during that year, as provided in section 234(a) (14) (a). It was a payment by way of damages resulting from the breach of warranty and, therefore, allowable under the provisions of section 234(a) (4). The distinction between a warranty and a contract wherein the vendor agrees, in the event of a certain contingency, to rebate some portion of the purchase price of the goods sold, is too apparent to require discussion.

We conclude, therefore, that appellant's loss was not of the character provided for in section 234(a) (14) (a).

The decision of the Board is affirmed, with costs.

Affirmed.